In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00393-CV**

_____

**IN RE COMMITMENT OF STEVEN JAMES STERLING**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-02-01836-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Steven James Sterling as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Sterling is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In one appellate issue, Sterling contends that the trial court committed reversible error by refusing to allow him to cross-examine the State's expert witness regarding rate of error. We affirm the trial court's judgment.

"A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Tex. R. Evid. 611(b). Even relevant evidence may be

1

excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Tex. R. Evid. 611(a). "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

During cross-examination of Dr. David Self, the defense attempted to ask Self if he knew his rate of error. The State objected on grounds that the question was misleading and the trial court stated, "We don't get into rate of error. No such thing. Next question." During a subsequent offer of proof, Self testified that he could not determine rate of error. The trial court found that the evidence is irrelevant and can mislead the jury. On appeal, Sterling contends that limitation of his cross-examination to exclude rate of error "invaded [his] right to challenge the weight of the expert's opinions before the jury."

2

Questions about the general accuracy of an expert's opinions regarding the subject matter of his trial testimony are relevant inquiries. *In re Commitment of Alexander*, No. 09-11-00650-CV, 2013 Tex. App. LEXIS 12077, at *11 (Tex. App.—Beaumont Sept. 26, 2013, pet. denied) (mem. op.). However, questions regarding an expert's rate of error presume that the expert is making a prediction about the respondent's future behavior when the expert is actually assessing a present risk based on the respondent's history, actuarial tests, and interview. *In re Commitment of Butler*, No. 09-13-00358-CV, 2014 Tex. App. LEXIS 10031, at *11 (Tex. App.—Beaumont Sept. 4, 2014, no pet.) (mem. op.); *Alexander*, 2013 Tex. App. LEXIS 12077, at *12. Additionally, "questions that fail to account for the effects of sex offender treatment based on the physician's patient population or the population he relied on when assessing the patient cannot assist the jury in determining whether the expert has in the past correctly applied the techniques developed to determine which persons need sex offender treatment to prevent re-offending." *Alexander*, 2013 Tex. App. LEXIS 12077, at *13. This Court has previously recognized the potential for confusion of the jury that these types of questions create. *Butler*, 2014 Tex. App. LEXIS 10031, at *11; *Alexander*, 2013 Tex. App. LEXIS 12077, at *12. Accordingly, we have held that the trial court does not abuse its discretion by preventing cross-examination of an expert

3

regarding the expert's rate of error. *Butler*, 2014 Tex. App. LEXIS 10031, at *14; *Alexander*, 2013 Tex. App. LEXIS 12077, at **14-15. We decline Sterling's invitation to revisit these rulings.

In accordance with *Butler* and *Alexander*, we conclude that the trial court did not abuse its discretion by limiting Sterling's cross-examination to exclude questions regarding Self's rate of error. *See Butler*, 2014 Tex. App. LEXIS 10031, at *14; *see also Alexander*, 2013 Tex. App. LEXIS 12077, at **14-15. We overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 25, 2015
Opinion Delivered March 26, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.